UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 19-cr-0275 (WMW/HB) |
| Plaintiff, | **ORDER** |
| v. | |
| Steven Leroy Johnson (2), | |
| Defendant. | |

This matter is before the Court on Defendant Steven Leroy Johnson's motion to amend the Presentence Investigation Report (PSR). (Dkt. 150.) Johnson also moves to extend the length of time that certain sentencing materials will remain sealed. (Dkt. 126.) For the reasons addressed below, Johnson's motion to amend the PSR is denied and his motion to seal is granted.

At sentencing, a district court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). An unresolved objection to the PSR "that has no impact on determining a sentence under the Sentencing Guidelines may affect other important post-sentencing decisions," such as "where a defendant will actually serve his or her sentence of confinement." Fed. R. Crim. P. 32 advisory committee's note to 2002 amendment. "If counsel objects to material in the

presentence report that could affect the defendant's service of sentence, the court may resolve the objection, but is not required to do so." *Id.*

"[A]s the drafters of the rule have clearly explained, Rule 32 does *not* require the sentencing judge to resolve disputes that affect only the manner and location of service of the sentence, and not the term imposed." *United States v. Saeteurn*, 504 F.3d 1175, 1180 (9th Cir. 2007); *accord United States v. Clanton*, 538 F.3d 652, 656 (7th Cir. 2008), *overruled on other grounds by United States v. Corner*, 598 F.3d 411 (7th Cir. 2010); *United States v. Wales*, 68 F. App'x 575, 587 n.11 (6th Cir. 2003); *Lewis v. Morrison*, No. 07-1134 ADM/FLN, 2008 WL 185840, at *1 (D. Minn. Jan. 16, 2008). Requiring a district court "to resolve the many factual disputes that do not relate to the actual term of sentence to be imposed would create a hazard to navigation for sentencing judges." *Saeteurn*, 504 F.3d at 1180. For example, because prison programs and policies may change over time, "requiring sentencing judges to determine which disputed facts *might* affect a prisoner's eligibility for early release, and then to resolve those disputes, would force sentencing judges to anticipate and resolve disputes beyond normal judicial reach." *Id.* The Advisory Committee on Criminal Rules expressly rejected a version of Rule 32, Fed. R. Crim. P., that would have required resolution of disputes immaterial to the term of imprisonment, explaining that "[t]o avoid unduly burdening the court, the Committee elected not to require the resolution of objections that go only to [the] service of sentence." *Clanton*, 538 F.3d at 656 (quoting Fed. R. Crim. P. 32 advisory committee's note to 2002 amendment).

Here, defense counsel represents that "the changes requested by Mr. Johnson to the PSR primarily relate to current and past diagnoses, past treatment, and recommended prospective treatment regarding Mr. Johnson's mental and physical health currently omitted from the PSR." The PSR in this case is 45 pages long and includes 42 paragraphs detailing Johnson's personal history, physical condition, mental and emotional health, and substance abuse history. Nonetheless, Johnson seeks to amend the PSR's comprehensive information with a vast number of additional details, and he has submitted more than 1,700 pages of medical records in support of these amendments. Johnson does not contend that these medical details have any material impact on the applicable Sentencing Guidelines calculation. Rather, Johnson concedes that these details primarily pertain to post-sentencing decisions by the BOP as to the manner in which his sentence will be served. Amending the PSR is not warranted on this basis, as numerous courts have concluded. *See, e.g.*, *Clanton*, 538 F.3d at 656; *Saeteurn*, 504 F.3d at 1180; *Wales*, 68 F. App'x at 587 n.11; *Lewis*, 2008 WL 185840, at *1.

Johnson also argues that the details of his medical history are relevant to his pending motions for a downward departure and a downward variance. When determining a sentencing, "a district court may rely on undisputed factual allegations in the [PSR], reliable evidence introduced by the parties, and, to some extent, its own judicial experience." *United States v. Harrell*, 982 F.3d 1137, 1140 (8th Cir. 2020) (internal citations omitted). And a district court must consider numerous factors when imposing a sentence, including the "history and characteristics of the defendant" and the need for the sentence "to provide the defendant with needed . . . medical care, or other

3

correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1), (2)(D). Amending the PSR is not necessary for the Court to consider Johnson's medical history when determining his sentence. The fact that certain information is relevant to sentencing does not mean that *all* such information must appear in the PSR. Indeed, when information relevant to a possible departure or variance is not included in the PSR, the typical manner that such information is presented to the Court is through the filing of exhibits and the written and oral advocacy of counsel, *not* amending the PSR to include extraneous detail. For these reasons, Johnson has not established that amending the PSR is warranted.

Johnson also moves to extend the time that certain sentencing materials remain sealed. Specifically, Johnson argues that the letters, medical records, and other documents he submitted in connection with the sentencing hearing, filed at Docket Numbers 118 and 119, should remain sealed until November 1, 2035. These sentencing materials contain confidential personal information pertaining to Johnson and his family, including personal identifying information and medical information. Accordingly, Johnson's unopposed motion to maintain these documents under seal until November 1, 2035, is granted.[1]

---

[1] Johnson subsequently submitted additional materials that contain similar confidential personal medical information, filed at Docket Numbers 138, 151 through 153, 165 and 166. For the reasons addressed above, these documents also will remain under seal until November 1, 2035.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Defendant Steven Leroy Johnson's motion to amend the Presentence Investigation Report, (Dkt. 150), is **DENIED**.

2. Defendant Steven Leroy Johnson's motion to seal, (Dkt. 126), is **GRANTED**. The sentencing materials filed at Docket Numbers 118, 119, 138, 151 through 153, 165 and 166 shall remain sealed until November 1, 2035.

Dated: October 6, 2021                          s/Wilhelmina M. Wright  
                                                Wilhelmina M. Wright  
                                                United States District Judge